The Chancellor.
The question before us arises upon a few plain facts.
* Thomas Barlow, on the 19th of May, 1791, leased to John Port a lot of land in Manchester, in England for 1600 years, at an annual rent of 32 pounds 17 shillings sterling, payable quarter yearly ; and Port covenanted to pay the rent during the continuance of the term, in time and manner aforesaid. After-wards, on the 18th of August, 1792, Port sold and assigned the lot to Jackson, the present plaintiff in error, subject to the payment of the said rent, and Jackson covenanted with Port, that he (Jackson) would perform and keep all the covenants mentioned and contained in the original lease, and which, on the part of Port, were to be paid and performed. The plaintiff’ then avers, that a rent of 832 pounds 13 shillings sterling, for the preceding 24 years, was in arrear, and due, and unpaid to Barlow, and that Jackson had, accordingly, broken his covenant.
The only question in the case, as the counsel for the plaintiff in error admits, is, whether a good and sufficient breach of the covenant has been assigned. We have nothing to do with the question what damages ought to have been recovered under the issue which was joined. That is not a point which has, or which could have been raised here upon this record. We have only to answer the question, Has a sufficient cause of action been stated in the declaration ?
I wish 1 had been able to discover good ground in law for answering this question according to the wishes of the plaintiff *378 in error, for I perceive that he has rashly entered into a covenant which is to endure for ages, and which must be to him as if í: a millstone were hanged about his neck.” The case further shows, that the dreams and the madness of speculation is a disease which has prevailed on each side of the Atlantic.
He covenants to keep and perform all the covenants which Port had made to Barlow, and which, on the part of Port, were to be “ paid, done and performed,” and one of these covenants was to pay the rent. Jackson’s covenant was, therefore, not, a mere covenant of indemnity. It was, in substance and effect, that he would pay that rent for Port, and the averment is, that he has not paid the rent, and that it is in arrear, and due. The breach, if not in the very #words of the covenant, is according to its sense and meaning, and suelvan assignment has always been held sufficient. (Com.. Dig. tit. Pleader, C, 45, 46.) Where a defendant has undertaken to do an act in discharge of the plaintiff from such a bond or covenant, he must show, specially, matter of performance, and this Jackson ought to have shown in this case ; but where the defendant has undertaken to acquit and discharge the plaintiff from any damages by reason of his bond or covenant, he then merely undertakes to indemnify and save harmless, and the plaintiff is then bound to show his damages. This was the distinction stated in the case of Harris v. Pett, ( Carth. 374. 5 Mod. 243.) and it is a well settled distinction ; and in my humble opinion we should pervert the plain sense and language of the covenant entered into by Jackson, if we should turn it into a mere covenant to indemnify Port, when it was evidently a covenant to pay the rent for, and instead of Port. Pori was not bound to go and pay the rent, or have it recovered from him by due course of law, before he could resort to Jackson. He was not bound to subject himself to such previous distress or inconvenience. Jackson had undertaken to keep his covenant for him, that is, to go and pay the rent as it from time to time became due. If Jackson suffers the rent to be previously collected from Port, that would surely not be keeping and performing Port’s covenant, as he had engaged to do. I cannot raise a doubt in my mind as to the construction of the covenant.
The case of Atkinson v. Coatsworth, (8 Mod. 33. Str. 512.) is very analogous. One S. demised lands to the plaintiff for a term of years, and the plaintiff made an under lease to the defendant, who covenanted “ to perform and keep all the covenants in the original lease to be kept and performed by the plaintiff.” The rent reserved in the original lease not being paid, the plaintiff sued the defendant, and assigned for breach the non-payment of rent to the original lessor, The cases so far are exactly alike. The covenants were the same, and the breach was the same. In that case, as here, the plaintiff had a verdict, and error was brought into the K. B.,but the error assigned was one altogether different from the *379 one assigned here, and with which *we have no concern, and the judgment was nevertheless affirmed. It is so far a case in point, that if the breach in the present case be not well assigned, the breach in. that case was also not well assigned, and yet no such suggestion of error was thought of in that case, as has been made in this. It did not occur to so learned and experienced a counsellor as Mr. Bootle, who argued that case for the plaintiff in error, I cannot but be of opinion, that the hard-, ship of the case before us, and the sympathy it naturally excites, has taxed the ingenuity of the learned counsel, arid suggested a distinction for our consideration which does not belong to the case, and is altogether repugnant to the sense and language of the covenant.

March 20th.

I might here, also, refer to the case of Holmes v. Rhodes, (1 Bos. & Pull. 638.) in which it was held, that the plea of non damnijicatus was no answer to an undertaking by the defendant to pay a sum, for which the plaintiff was bound. But I iorbear to press the cause further. I only wished to say just so much as I feel it iny indispensable duty to say, when called upon for the opinion which I now give, that the judgment of the Supreme Court ought to be affirmed.
This being the unanimous opinion of the court, it was thereupon ordeRed and adjudged, that the judgment of the Supreme Court, in this cause, be affirmed ; and that the plaintiff in error pay to the defendant in error, two hundred and ninety-seven dollars and thirty-seven cents, for his costs and charges in and about his defence in this court; and that the record be remitted, &c.
Judgment of affirmance, (a)

 See Port v. Jackson, ante, 239.