Stoppani v. Richard.

---

CHARLES G. STOPPANI, assignee of Jean Schoenfeld, *v.* CHARLES B. RICHARD.

S. leased certain premises to N., by whom the lease was assigned to Sch. He assigned the lease, in turn, to W., taking an agreement from him to pay the rent, and from R. an agreement as surety for the punctual payment thereof.
*Held*, that the agreements were without consideration and void.
Sch. was liable for rent only so long as he remained assignee of the lease, and was relieved of that liability by his assignment of the lease. W., by his acceptance of the assignment, became liable to S., the original landlord; and his agreement to pay the rent to Sch., his immediate assignor, and R.'s agreement as his surety, were therefore without consideration, and neither he nor the surety was liable to Sch. or his assignee thereon.

APPEAL by plaintiff from a judgment of the Marine Court. .

Charles G. Stoppani leased the premises No. 32 City Hall Place to Joseph Nathan, for the term of three years from the first of May, 1854, E. Cottenger becoming Nathan's surety for the punctual payment of the rent. Nathan assigned the lease to Jean Schoenfeld, who, in turn, assigned it to J. W. Weinrich, who agreed to pay the rent therefor to Schoenfeld, the defendant, C. B. Richard becoming his surety therefor. The rent not having been paid, Schoenfeld assigned this agreement to Stoppani, who brought this action thereon to recover the rent from Richard. Judgment was given for the plaintiff, which was reversed at the general term of the Marine Court. The plaintiff appealed from such judgment of reversal.

*C. W. Van Voorhis*, for the appellant, cited *Post* v. *Jackson*, 17 Johns. R. 239, 479.

*F. S. Stallknecht*, for the respondent

DALY, J.—Schoenfeld was the assignee of the lessee Nathan, and as long as he continued such assignee he was liable, by privity of estate, for the rent, to the lessor Stoppani; but, by assigning to Weinrich, he discharged himself from all future liability for rent under the lease. *Lekeux* v. *Nash*, 2 Strange, 1221; *Taylor* v. *Shum*, 1 Bos. & Pul. 21. Weinrich was, then, in privity of estate with the lessor Stoppani, and liable to him for the rent. Nathan, the lessee, continued liable upon his personal covenant in the lease; Cottenger, upon his covenant that Nathan would perform the contracts in the lease; and Weinrich, as the one in privity of estate with the lessor. All these parties remained liable for the payment of the rent, but the liability of Schoenfeld was at an end. Schoenfeld having released himself from the payment of rent by the assignment, there was nothing to support an agreement by Weinrich to pay the rent to Schoenfeld ; .for, by the operation of the assignment, Weinrich became liable to pay it to Stoppani, the lessor. Schoenfeld was discharged from all

the covenants in the lease. Weinrich was not his under-tenant or lessee, but the assignee of the term. Such an agreement, therefore, would be without consideration and void, and consequently any agreement by Richard, the defendant, to be responsible to Schoenfeld if Weinrich should make default, was equally void and without consideration. If Schoenfeld acquired nothing by that agreement, he could transmit nothing by assigning it to the plaintiff. Neither he nor the plaintiff could maintain any action upon it, and the general term, therefore, did right to reverse the judgment.

The case of *Jackson* v. *Post* (17 Johns. 479), to which the appellant has referred us, has no application. The action there was by the lessee against the assignee, upon a special covenant in the assignment, by the assignee, to pay the rent to the lessor; and as a lessee continues always liable upon the covenants in the lease after he has assigned, it there was a sufficient consideration to support such a covenant. If Schoenfeld had entered into such an agreement in the assignment from Nathan, the lessee, the two cases would be analogous; but such an agreement by Schoenfeld with his assignee, or with a surety for his assignee, is a very different case. The judgment of the general term should be affirmed.

Judgment affirmed.