By the Court:

Barbour, C.J.
The complaint in this case sets up facts sufficient to have entitled the plaintiff to a recovery upon his claim of damages, because of the failure of the defendant to return the premises in as good order as when received, if he succeeded in proving such facts upon the trial; and, upon a careful examination of the testimony, I am satisfied that the jury would have been justified in finding a verdict for the plaintiff upon that claim, had the evidence been submitted to them. The covenant of the defendant requires him to leave the premises on the 1st of May, 1867, in as good condition and repair as they were in on the 18th of February, 1862, as well as to keep them' in good repair during the term; and I think there was enough evidence -before the jury, if credited by them, to authorize a finding that some sixty doors, and other portions of the premises, were not in as good repair and condition when left, at the end of the term, as they were in on the 18th of February, 1867.
Assuming, then, that the jury would so have found, had the matter been submitted to them, the plaintiff would have been entitled to recover the amount, measured in money, of the injury sustained by the premises, because of the failure of the defendant to repair. For his covenant to repair is not a mere covenant of indemnity, but it renders him liable to his lessor, in case of nonperformance, whether the latter has paid the original landlord or not (Jackson v. Post, 17 Johns., 479). I am, therefore, of opinion that the lealned justice erred in directing a verdict for the de *334 fendant; and having arrived at this conclusion, I see no necessity for considering the further questions raised upon the argument by the counsel for the appellant.
The judgment and order denying a new trial should be reversed, with costs to abide the event, and a new trial directed.